**UNITED STATES STEEL CORPORA-TION and Affiliated Companies**

v.

**The UNITED STATES.**

**No. 97–84T.**

United States Claims Court.

Feb. 11, 1987.

---

Dennis P. Bedell, Washington, D.C., for plaintiff. David B. Cubeta and Miller & Chevalier, of counsel.

Mildred L. Seidman, Washington, D.C., with whom was Asst. Atty. Gen., Roger M. Olsen, for defendant.

## OPINION ON RECONSIDERATION

MEROW, Judge:

On January 7, 1987, the defendant moved for reconsideration and alteration of one part of the opinion in the case captioned above, dated December 22, 1986, 11 Cl.Ct. 375, in which the "issue price" of the plaintiff's debentures, for purposes of computing taxable income on their repurchase, was found to be equal to the fair market value of the preferred shares exchanged for the debentures. No response to this motion has been obtained.*

The December 22, 1986 opinion interpreted the language in defendant's briefs to reflect a change in position as to issue price. It was considered that defendant first argued the issue price of the debentures was equal to their face amount, but then changed its position to argue the issue price to be the value to the plaintiff of the consideration it received on issuance of the bonds in 1966, *i.e.*, the value of the preferred stock exchanged for the bonds. Thus, the opinion construed the government's statements to mean that the fair market value of the stock, rather than the face amount of the bonds, determined the issue price of the bonds. Defendant now requests that the December 22, 1986 opinion be modified to recognize that defendant's consistent position regarding the issue price of the debentures was that the face amount of the bonds is their issue price. Defendant now clarifies the language used so as to demonstrate that no change of position on issue price was intended. Defendant also notes that counsel did not have the requisite authority to change its position regarding the issue price of the debentures.

Defendant having now satisfactorily demonstrated that the language used in its briefs can be construed to present a consistent position as to issue price, the opin-

---

* Defendant did not cite the Rule(s) under which the motion was filed. If considered under Rules 59 or 83.2(f), any response must be requested by the court as a prerequisite to favorable action. If considered under Rule 60, a response is permitted under the Rules. However, because the conclusion reached in the December 22, 1986 opinion is not altered, a response was not considered to be required in the circumstances presented.

ion of December 22, 1986 shall be reconsidered accordingly.

However, upon reconsideration, the opinion's conclusion that the fair market value of the stock the plaintiff received in consideration for issuing its bonds represents the issue price of the bonds remains. Defendant has not raised any specific factual question regarding the fair market value, or value to plaintiff, of the preferred stock at the time of the exchange. *See Celotex Corp. v. Catrett,* —— U.S. ——, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In addition, plaintiff did not raise any issue regarding the value of the stock. Furthermore, although the defendant claims the issue price of the bonds is their face amount, it offers no new support for this position beyond referring to several cases it had already brought to the court's attention. Moreover, the defendant has not taken this opportunity to argue that *United States v. Kirby Lumber Co.,* 284 U.S. 1, 52 S.Ct. 4, 76 L.Ed. 131 (1931), which is relied upon in the opinion, does not support the conclusion reached. Thus, since no additional issues have been raised by the parties, the conclusion reached in the opinion remains in effect. Of course, the conclusion reached, *i.e.,* the fair market value of the shares determined the issue price of the bonds exchanged therefor for purposes of determining income from cancellation of indebtedness, is limited to the particular facts presented in this case. If the fair market value of the shares at the time of the exchange had been less than the amount of the original consideration the plaintiff received on issuance of the stock, it would have been necessary to consider whether the amount of original proceeds established a floor or minimum regarding issue price and, if so, the fair market value of the shares could not be determinative of the issue price of the bonds. In such a case, if the face amount of the bonds was equal to the original proceeds, then the face amount may well have determined the issue price of the bonds. But that is not the case before the court. In this case, the market value of the stock at the time of the exchange for the debentures far exceeded the original proceeds received for the stock, and it is concluded that, on these facts, the fair market value of the preferred shares is the issue price of the debentures issued in exchange for the shares.

To the extent indicated in this opinion, defendant's motion for reconsideration is granted and is, otherwise, denied.